IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| YVETTE L. JACKSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1030 |
| | ) | |
| EAST SAINT LOUIS BOARD OF EDUCATION | ) | |
| DISTRICT 189, | ) | |
| | ) | |
| ARTHUR R. CULVER | ) | |
| | ) | |
| | ) | Honorable Judge |
| | ) | Jury Demand |
| Defendants. | ) | |

## COMPLAINT

**Introduction**

1.      The Plaintiff Yvette Jackson (Plaintiff) sues East Saint Louis Board of Education District 189 for

sexual harassment, retaliation under Title VII,  and racial discrimination ,sex and retaliation under 42

USC §1981and for acts under the Illinois Gender Violence Act, 740 ILCS 82/5.

2.      The Plaintiff sues Arthur R. Culver (also described as Defendant Culver and or

Superintendent) for sexual harassment, retaliation under 42 USC §1981 and the Illinois Gender

Violence Act, 740 ILCS 82/5.

**Exhaustion of Administrative Proceedings**

3.      The Plaintiff has satisfied all conditions precedent to the filing of her lawsuit.  The EEOC

issued plaintiff right to sue on July 2, 2019 attached. (Exhibit 1).

**Jurisdiction and Venue**

4.      This Court has jurisdiction under §706(f)(3) of Title VII of the civil Rights Act of 1964,

as amended 42 U.S.C. §2000e-5(f)(3), under §1331 and §1343 of the Judicial Code 28 U.S.C.

§1313 and §1343 and has supplemental jurisdiction under Section 1367 of the Judicial Code 28

U.S.C. §1367.

5.      Acts and omissions occurred in the Southern District of Illinois, venue is proper by

Section 1391(b) of the Judicial Code [28 U.S.C. §1391(b))].

**Facts**

6.      On or about December 14, 1998 Plaintiff began working for Defendant District 189 as

Director of Material Management.

7.      Before and after 2018 Plaintiff suffered unwelcome sexual advances from District

Superintendent Defendant Culver.

8.      On or about April 1, 2018 Defendant Culver showed Plaintiff, over Plaintiffs' objection

and attempt to halt Defendant Culvers' actions, a pornographic video involving two men and one

women. The video depicted a District male employee in the threesome.

9.      Defendant Culver disclosed to Plaintiff, over Plaintiffs' objection, that "if I had a

threesome, it would be a one dick two pussy threesome".

10.     The following day, on or about April 2, 2018, Plaintiff complained to Purchasing

Supervisor about Defendant Culver's behavior.

11.     Immediately after reporting Defendant Culver's behavior, Plaintiff was excluded from

regular meetings, and ostracized as persona non grata at the instruction of Defendant Culver.

12.     At the very next personnel committee meeting Defendant Culver changed the agenda to

include eliminating Plaintiff's job.  Prior to Plaintiffs' report of harassment there was no plans

for eliminating Plaintiffs' position.

13.     Board members stated that Defendant had grown angry with Plaintiff for some unknown

reasons.

14.     Board members and staff were confused by Defendant Culvers actions because Plaintiff had been an integral employee that Defendant Culver relied on and consulted daily.

15.     The Board however, made no attempt to curtail Defendant Culvers actions.

16.     The Board adopted and codified Defendant Culvers actions.

17.     In February of 2017 Defendant Culver visited Plaintiffs' office to view security video footage.  Defendant Culver closed Plaintiffs' door, went around Plaintiffs' desk, sat atop Plaintiffs' desk and opened his legs positioning his crotch directly in Plaintiffs' face. Plaintiff suffered a subsequent panic attack and during the year of 2017 had to exercise medical leave to deal with her anxiety,  stress and high blood pressure issues due to Defendant Culvers repeated unwelcomed advances.

18.     In 2017 Defendant Culver visited Plaintiffs' office regarding a female security officer that had recently totaled a School District Security automobile.  Defendant Culver told Plaintiff that he did not think he could wake up for her. Suggesting that he could not achieve an erection for the officer due to her appearance.  Plaintiff nervously responded by changing the subject.

19.     In conference room B after watching video images of some school incident, Board President Kinnis Williams asked Plaintiff a question and after Plaintiff responded Williams initiated a fist bump with Plaintiff.  At the same table, Defendant Culver fist bumped Plaintiffs' upper thigh. Plaintiff jumped and Williams noticed and asked Plaintiff what happen. Plaintiff embarrassingly tried to move to the next question.  Williams and Defendant Culver competed for Alpha Male status in the presence of Plaintiff.

20.     In March of 2018 Defendant Culver followed Plaintiff to her office.  Looking at Plaintiffs' backside Defendant Culver asked Plaintiff if she was losing weight on purpose? Plaintiff stated no she was losing weight due to stress she was suffering on the job.  Defendant

Culver stated " you don't want to lose too much from the wrong places." Referring to Plaintiffs' gluteus maximus and thighs.  Plaintiff was embarrassed and rushed to sit down in her office to avoid further harassment.

21.    Thereafter, on the morning after a Civil Rights Organization's Function, Defendant Culver described to Plaintiff in painstaking detail how a lady described a sexual fantasy she envisioned with Defendant Culver which included how the female wanted to sit on top of Defendant Culver and gyrate side to side back and forth and up and down.

22.    Following a football game, Defendant Culver was propositioned by (according Defendant Culver) a Board Member.  The Female Board Member encouraged Defendant Culver to situate himself behind her as a quarterback would behind the center on offense in football.  Defendant Culver states the Board Member insisted he "get up in there".  Defendant Culver then began to demonstrate the sexual gestures of the Board Member illustrating how the Board member positioned herself on a fence and straddled it as if the Board Member was riding a horse. As in all the prior occurrences, Plaintiff attempted to change the subject and remind Defendant Superintendent Culver of the inappropriate nature of his actions.  Defendant Culver was undeterred  by Plaintiffs' attempt and completed the story in graphic detail.

**Count I-Sexual Harassment**

 23.    The Plaintiff re-alleges paragraphs 1-22 here as if fully stated herein.

**Title VII**

24.    At all times when defendant employed the Plaintiff, The East St. Louis Board of Education District 189 was an "employer" within the definition of §701(b) of the Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000 e(b)].

25.    At all times when the Plaintiff was employed by The East St. Louis Board of Education District 189, Plaintiff was an "employee" within the definition of Section 701(f) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e(f)].

**Sexual harassment**

26.    The East St. Louis Board of Education District 189 through its agent and by its action and or omissions discriminated against the Plaintiff based upon her sex and condition of her employment.

**Damages**

27.    As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

28.    Defendant The East St. Louis Board of Education District 189 (Defendant "BOE") discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

29.    To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant "BOE" and other employers and to punish the Defendant "BOE" for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I.    Order the Defendant "BOE" to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex;

II.    Court enjoin Defendant "BOE" from continuing to discriminate employees because of sex;

III.    Defendant "BOE" reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

5

**IV.**   Court order Defendant "BOE" pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex;

**V.**   Order the Defendant "BOE" to compensate the Plaintiff for damages which she suffered resulting from the Defendant "BOE" discriminating against her because of her sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, feelings of worthlessness, loss of self-esteem and emotional distress;

**VI.**   Order Defendant "BOE" to pay punitive damages;

**VII.**   Order the Defendant "BOE" to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.**   Order the Defendant "BOE" to pay or provide other relief as this Court deems just and appropriate.

**Count II Retaliation**

30.   The Plaintiff incorporates by references paragraphs 1-29 as if fully asserted herein.

31.   The Defendants by their acts and or omissions, retaliated against the Plaintiff for opposing sexual and racial harassment in the terms and conditions of his employment violating the Title VII of the Civil Rights Act of 1964 and or for participating in a Charge of Discrimination before the EEOC.

32.   As a proximate result of this retaliation, the Plaintiff suffered damages.

33.   The Defendants retaliated against the Plaintiff with malice or reckless indifference to her federally protected rights.

34.   Deterring future malice or reckless indifference to the federally protected rights of employees by the Defendants and other employers and to punish the Defendant for their malice or reckless indifference to the federally protected rights of the Plaintiff, exemplary damages are appropriate against the Defendants.

**Damages**

35.    As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

36.    Defendant The East St. Louis Board of Education District 189 (Defendant "BOE") discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

37.    To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant "BOE" and other employers and to punish the Defendant "BOE" for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I.      Order the Defendant "BOE" to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex;

II.     Court enjoin Defendant "BOE" from continuing to discriminate employees because of sex;

III.    Defendant "BOE" reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

IV.     Court order Defendant "BOE" pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex;

V.      Order the Defendant "BOE" to compensate the Plaintiff for damages which she suffered resulting from the Defendant "BOE" discriminating against her because of her sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

VI.     Order Defendant "BOE" to pay punitive damages;

**VII.**   Order the Defendant "BOE" to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

**VIII.**   Order the Defendant "BOE" to pay or provide other relief as this Court deems just and appropriate.

**Count III Termination**

38.   The Plaintiff incorporates paragraphs 1-37 by reference as if fully stated herein.

39.   Defendant "BOE" through its agents and by the actions and or omission constructively discharged the Plaintiff based upon her sex and in retaliation to her protesting Defendant Culver's harassment relating to the terms and conditions of her employment, violating Title VII of the Civil Rights Act of 1964 and/or for participating in a Charge of Discrimination before the EEOC.

**Damages**

40.   As a proximate result of this discrimination, the Plaintiff suffered damages including but not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss of enjoyment of life, and emotional distress.

41.   Defendant The East St. Louis Board of Education District 189 (Defendant "BOE") discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

42.   To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant "BOE" and other employers and to punish the Defendant "BOE" for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

**I.**   Order the Defendant "BOE" to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex;

8

II.     Court enjoin Defendant "BOE" from continuing to discriminate employees because of sex;

III.    Defendant "BOE" reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

IV.     Court order Defendant "BOE" pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex;

V.      Order the Defendant "BOE" to compensate the Plaintiff for damages which she suffered resulting from the Defendant "BOE" discriminating against her because of her sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

VI.     Order Defendant "BOE" to pay punitive damages;

VII.    Order the Defendant "BOE" to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

VIII.   Order the Defendant "BOE" to pay or provide other relief as this Court deems just and appropriate.


**Count IV-Illinois Gender Violence Act**

43.     The Plaintiff re-alleges paragraphs 1-42 as if fully asserted herein.

44.     Defendant "BOE" through its employees committed acts against the Plaintiff violating the Illinois Gender Violence Act.

45.     Aside from Defendant "BOE", other defendants committed acts against the Plaintiff violating the Illinois Gender Violence Act.

46.     Said Defendants is Defendant Culver.

47.     The Defendant's acts of violence or physical aggression were committed, at least in part, based upon the plaintiffs' sex.

48.     The Defendants subjected the Plaintiff to physical intrusions or invasions of a sexual nature.

49.     The Defendants subjected the Plaintiff to gender related violence as defined in  §5

of the Gender Violence Act, 740 ILCS 82/5.

Wherefore, the Plaintiff prays that this Court enter judgment favoring the Plaintiff and against

the Defendants for:

      I) An amount to fully of justly compensate her for the damages he suffered,

      II) Exemplary damages,

      II) Reasonable attorney's fees and costs and expenses of this action, and

      IV) Such other relief as this Court deems just and appropriate.

**COUNT V Section 1981 claims against all defendants**

50.     The Plaintiff incorporates by reference the averments in 1-49 as if fully asserted herein.

51.     Defendant "BOE" through its agents and by the actions and/or omission discriminated

      against Plaintiff based upon her race in the terms and conditions of her employment,

      violating Title VII of the Civil Rights Act of 1964 and or for participating in a complaint

      against Defendant Culvers unwelcome sexual advances.

52.     Defendant "BOE" employees racially harassed Plaintiff.

53.     Defendant Culver racially harassed Plaintiff.

54.     Defendants retaliated against Plaintiff after Plaintiff contacted a District manager.

55.     Defendants ultimately terminated Plaintiff after she complained about the harassment

suffered.

**Damages**

56.     As a proximate result of this discrimination, the Plaintiff suffered damages including but

not limited to, loss wages, loss employment benefits, pain and suffering, loss of self-esteem, loss

of enjoyment of life, and emotional distress.

57. Defendant The East St. Louis Board of Education District 189 (Defendant "BOE") discriminated against the Plaintiff with malice or reckless indifference to the Plaintiffs federally protected rights.

58. To deter future malice or reckless indifference to the federally protected rights of employees by the Defendant "BOE" and other employers and to punish the Defendant "BOE" for their malice or reckless indifference to the Plaintiffs' federally protected rights, exemplary damages are appropriate.

Wherefore, the Plaintiff prays that the Court:

I. Order the Defendant "BOE" to post appropriate notices regarding their legal duties to refrain from discriminating against employees based upon sex;

II. Court enjoin Defendant "BOE" from continuing to discriminate employees because of sex and race;

III. Defendant "BOE" reinstated Plaintiff to her position or comparable position, or alternatively, pay for such position for a reasonable time thereafter;

IV. Court order Defendant "BOE" pay prejudgment interest at the prevailing rate on the award of back pay, loss employment benefits and other compensation loss to the Plaintiff because of the Defendants discrimination against her based upon her sex and race;

V. Order the Defendant "BOE" to compensate the Plaintiff for damages which she suffered resulting from the Defendant "BOE" discriminating against her because of her sex, including, but not limited to, humiliation, embarrassment, insult, loss of enjoyment of life, worthlessness, loss of self-esteem and emotional distress;

VI. Order Defendant "BOE" to pay punitive damages;

VII. Order the Defendant "BOE" to pay attorney's fees, expert witness fees, expenses and costs of the lawsuit and of any prior administrative action and,

VIII. Order the Defendant "BOE" to pay or provide other relief as this Court deems just and appropriate.

Respectfully submitted,

___/s/Larry S. Fields_____

Larry S. Fields, #58044
Fields & Associates LLC
401 S. 18th St., Suite 425
St. Louis, Missouri 63103
Telephone:  (314) 241-3535
Facsimile:  (314) 241-3536
E-mail:  lsf19@msn.com

*Attorney for Plaintiff*