**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| YVETTE L. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-1030-SMY |
| | ) |
| EAST SAINT LOUIS BOARD OF | ) |
| EDUCATION DISTRICT 189 and | ) |
| ARTHUR R. CULVER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Yvette L. Jackson alleges that she was sexually harassed, retaliated against, constructively discharged, and discriminated against on account of her race and sex in violation of Title VII, 42 U.S.C. §2000e-5, *et seq*., 42 U.S.C. § 1981, and Illinois' Gender Violence Act ("IGVA"), 740 ILL.COMP.STAT. § 82/1, *et seq*. More specifically, Jackson claims that during her employment as Director of Material Management for Defendant East St. Louis Board of Education District 189 ("the District") she was harassed by Defendant Arthur C. Culver, the District's Superintendent, who showed her a pornographic movie, made lewd and suggestive comments towards her, and subjected her to unwelcomed touching and gestures. She further claims that she was constructively discharged and terminated from her employment as a result of the harassment and her complaints about the same.

Now pending before the Court is Defendants' Motion to Dismiss (Doc. 21). Plaintiff responded in opposition to the Motion (Doc. 24). For the following reasons, the Motion is **GRANTED in part and DENIED in part**.

## Discussion

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

### Title VII Claims

Defendants first argue that Jackson fails to state a claim against Defendant Culver for sexual harassment (Count I), retaliation (Count II), or constructive discharge/retaliation (Count III) because he is not an "employer" under Title VII. The Act makes it unlawful for "an employer" to discharge or "discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment" on account of their race or sex. 42 U.S.C. § 2000e-2(a). An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks . . . ." 42 U.S.C. §2000e(b). While Jackson does refer to "defendants" retaliating against her in Count II, it is clear from the remainder of the Complaint that she is only alleging that the District is her

employer – not Culver.

Defendants further argue that Jackson fails to plead facts sufficient to support a prima facie case for sexual harassment, retaliation, and constructive discharge. But Defendants conflate the Rule 56 standard for summary judgment and the Rule 12(b)(6) standard for failure to state a claim by injecting facts that are not set forth in the Complaint.  At the pleading stage, a plaintiff is only required to give the defendants fair notice of her claims and the grounds upon which they rest. Jackson alleges that she was subjected to lewd comments and behavior, sexually graphic material, unwanted touching, and other conduct by a supervisor over the course of several years, that she complained about this conduct, and that she was either constructively discharged or her employment was terminated as a result.  Her allegations are sufficient to place Defendants on notice of the claims against them.

In the alternative, Defendants argue that Counts I – III should be dismissed as time-barred to the extent that they allege events that occurred prior to November 25, 2017.  According to the Complaint, the Equal Employment Opportunity Commission issued a Right to Sue letter on July 2, 2019.  The Complaint does not state when Jackson filed a Charge of Discrimination and Defendants' assertion that it was filed on September 21, 2018 is unsupported.  In any event, Jackson's claims may represent a continuing violation, making her claims based on actions that took place 300 days prior to her Charge of Discrimination timely and relevant to her claims.  *See Stepney v. Naperville School Dist. 203*, 392 F.3d 236, 240 (7th Cir. 2004).  At this juncture, the Court cannot conclude that the claims in question are time-barred.

### Illinois' Gender Violence Act ("IGVA") Claims

Defendants argue that Jackson fails to state a claim against the District under the IGVA because it is not a "person" under the Act.  Pursuant to the IGVA:

> Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief ***against a person or persons*** perpetrating that gender-related violence. For purposes of this Section, "perpetrating" means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence. (emphasis added).

740 Ill. Comp. Stat. § 82/10.

Jackson provides no authority for the proposition that a board of education, or any other entity, can be held liable under the IGVA. And, every court that has squarely addressed whether the statute applies to both entities and natural persons has found that it does not. *See Rosas v. Komatsu America Corporation*, 2018 WL 3758564, *3 (C.D. Ill 2018); *Doe v. Freeburg Cmty. Consol. Sch. Dist. No. 70*, 2015 WL 3896960, *4 (S.D. Ill. 2015); *Fuesting v. Uline, Inc.*, 30 F.Supp.3d 739, 744 (N.D. Ill. 2014) (collecting cases); *Doe ex rel. Smith v. Sobeck*, 941 F.Supp.2d 1018, 1026-1027 (S.D. Ill. 2014). *See also, People v. Christopherson*, 879 N.E.2d 1035, 1037 (Ill. App. Ct. 2007) ("'Person' ordinarily refers to 'an individual human being.'"). This Court is in accord.

Even if the IGVA applied to the District, the allegations in the Complaint do not adequately state a viable claim. Jackson asserts only that the District "made no attempt to curtail" and "adopted and codified" Culver's actions – the remainder of the Complaint describes actions allegedly taken by Culver alone. There is no allegation that any district representative encouraged or assisted Culver's conduct. *See Watkins v. Steiner*, 2013 WL 166737, *3-4 (Ill. App. Ct. 2013) (finding that a township's failure to supervise an employee violating the IGVA and individuals for failed to intervene are not liable under the "personally encouraging and assisting" portion of the act). Therefore, Jackson's IGVA claim against the District must be dismissed. The Court reaches a different conclusion with respect to Jackson's IGVA claim against Culver however.

Contrary to Defendants' contention, Jackson does allege that Culver engaged in unwanted

physical touching of a sexual nature: he "fist-bumped" her thigh without her permission during the alleged period of harassment. This is sufficient to state a claim of "[o]ne or more acts of violence or physical aggression satisfying the elements of battery." *See Fiala v. Bickford Sr. Living Group, LLC*, 43 N.Ed. 3d 1234, 1240 (Ill. App. Ct. 2015) ("A battery is the unauthorized touching of the person of another."); *Hespe v. City of Chicago*, 307 F.Supp.3d 874, 889 (N.D. Ill. 2018) (permitting an IGVA claim to go to a jury where defendant threw a handbag at plaintiff during an argument).

Defendants also argue that Jackson's IGVA claim is time-barred pursuant to Illinois' Local Governmental and Governmental Employees Tort Immunity Act ("TIA"), 740 Ill. Comp. Stat. §10/1-101, *et seq.*, under which "no civil action . . . may be commenced in any court against a local entity or any of its employees for any injury until it is commenced within one year from the date that the injury was received or the cause of action accrued." *Id*. §10/8-101(a). Because the District is a "local public entity" and Culver is an "employee" as defined by the Act, (*Id*. §§ 10/1-202 and 206), Jackson's IGVA claim is subject to a one-year limitations period. That said, a Rule 12(b)(6) motion is not the appropriate vehicle for raising untimeliness as a defense unless it is clear from the face of a Complaint that a claim is time-barred. *Taylor v. Sturgell*, 533 U.S. 880, 907 (2008); *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). It is unclear from the Complaint when the alleged IGVA battery occurred or when Jackson's employment was terminated.[1] Therefore, this claim cannot be dismissed on the record before the Court at this time.

## 42 U.S.C § 1981

Finally, Defendants argue that Jackson fails to state a § 1981 claim because she did not

---

[1] Defendants argue, without reference to the pleadings, that any violation of the IGVA must have occurred prior to June 30, 2018, when Jackson's employment was terminated, which is more than a year prior to her September 20, 2019 Complaint.

plead all the elements of a *prima facie* case. While the Court generally finds this argument unavailing, Defendants correctly note that the Complaint does not suggest race discrimination except in a conclusory assertion. Jackson acknowledges as much in her Response. Accordingly, Jackson's § 1981 claim will be dismissed.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 21) is **GRANTED in part**. Plaintiff's IGVA claim against East Saint Louis School Board District 189 is **DISMISSED with prejudice** (part of Count IV); Plaintiff's 42 U.S.C. §1981 claim is **DISMISSED without prejudice** (Count V). Defendants' Motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

**DATED: July 24, 2020**

**STACI M. YANDLE**
**United States District Judge**